JOSEPH LUKAMISKI, Respondent, v. AMERICAN STEEL FOUNDRIES, Appellant.

St. Louis Court of Appeals.   Argued and Submitted December 8, 1911.   Opinion Filed January 9, 1912.

1. **MASTER AND SERVANT: Foundry: Fellow-Servants: Work Delegated by Master.** An employee in a foundry, engaged in loading flasks on cranes, for transportation from one part of the foundry to another, and an employee engaged as an ordinary laborer in picking up material, to be mixed with the material in the flasks, at the point where the flasks are to be unloaded, are fellow-servants; the manner in which the flasks should be loaded on the cranes and the care to be taken in so doing being matters that may be delegated to the servants by the master.

2. ———: ———: **Safe Place to Work.** An employer, operating a foundry in which cranes moved by electricity are used to transport heavy loads from one part of the foundry to another, must exercise reasonable care in moving the loads so as to avoid injury to workmen about the place, as a part of his duty to provide a safe place for workmen to work.

3. ———: ———: ———: **Injury to Workmen: Proximate Cause.** In an action by a servant, who was employed in a foundry as an ordinary laborer, for injuries sustained by reason of a flask, which had been loaded in another part of the foundry and transported to the place of the accident by means of a crane, tipping and falling upon his leg, evidence *held* to show that the failure of the master to give plaintiff warning that the crane was being moved to the place he was working at was the direct cause of the injury.

4. ———: ———: ———: **Instructions.** In an action for injuries to an employee in a foundry, caused by a flask falling from a traveling crane onto him, the evidence showed that the employer failed to send some one in advance of the crane to warn employees, and that the employee, if warned, could have reached a place of safety, and that the crane was loaded by fellow employees. At plaintiff's request, the court instructed the jury, that if defendant negligently provided a place for plaintiff to work which was not reasonably safe, by reason of its nearness to the crane, to which defendant had caused to be attached an unsafe number of flasks, and if the flasks were negligently piled under the direction of the foreman, or if defendant negligently failed to provide a person to warn plaintiff of the approach of the crane, and if defendant knew of the unsafe place in which plaintiff was required to work, the verdict should be for plaintiff. *Held,* that the instruction was erroneous, as conveying to the jury the idea that the work was done under the direction of the foreman, when there was no evidence to that effect, beyond the fact that he was in charge of the operations of the foundry; that it was erroneous, under the facts of this case, as directing the jury to find for plaintiff if they found that defendant had negligently provided a place for plaintiff to work, which was not reasonably safe; that it was erroneous, as practically telling the jury that attaching the number of flasks to the crane was attaching an unreasonable and unsafe number, when that was a question for the jury, if it had any place in the case, but, inasmuch as the work of attaching the flasks was performed by a fellow-servant, it had no place in the case; and that it was erroneous, as assuming that the failure to provide a person to go before the moving crane to give warning of its approach was an act of negligence, when that was a question for the jury.

5. **INSTRUCTIONS: Not Founded on Evidence.** It is error to give an instruction which is not warranted by the evidence.

6. **MASTER AND SERVANT: Fellow-Servants: Instructions.** In an action by a servant for personal injuries, an instruction permitting a recovery by plaintiff for acts performed by a fellow-servant is erroneous.

7. **NEGLIGENCE: Instructions: Assuming Defendant Guilty of Negligence.** In a negligence case, where the negligent act proved is not negligence *per se*, an instruction which does not submit to the jury the question whether or not such act was negligent, but assumes that it was so, is erroneous.

8. **INSTRUCTIONS: Abstract Instructions.** An instruction which is a mere general declaration of law without any application to the facts in the case is improper.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

REVERSED AND REMANDED.

*Jones, Jones, Hocker & Davis* for appellant.

(1) The court should have given the peremptory instruction requested by the defendant at the close of the whole case, for the reason that under all the evidence the plaintiff made no case for the jury and was not entitled to recover. Greeley v. Foster, 75 Pac. 351; Woerhide v. Foundry Co., 32 Mo. App. 367; Zigenmeyer v. Lime, etc., Co., 113 Mo. App. 330; Bennett v. Lime Co., 146 Mo. App. 565; Coin v. Lounge Co., 222 Mo. 512. (2) Plaintiff's instruction number 1 was erroneous in that it assumed that the facts alleged in the petition amounted to negligence, when at most this was a question for the jury. Glaser v. Rothschild, 221 Mo. 203. (3) Instruction number 2 was erroneous in that it was an abstract declaration of law and not made applicable to the facts in question. (4) Instruction number 3 was erroneous for the same reason and in erroneously declaring the abstract law. Dunn v. Nicholson, 117 Mo. App. 374.

*John C. Robertson* for respondent.

(1) It was the duty of the defendant to furnish plaintiff a reasonable safe place to work, and to exercise ordinary care in maintaining the place in that condition. Plaintiff had a right to presume, in the absence of notice to the contrary, that the place the master sent him to work was reasonably safe, and that it would remain so; and that he would not imperil his safety by sending in its servants to move heavy loads over his head without warning him. Doyle v. Trust Co., 140 Mo. 1; Dayhurst v. Railroad, 103 Mo. 575; Wendler v. Furnishing Co., 165 Mo. 527; Herdlinger v. Stove & Range Co., 136 Mo. 3; Moore v. Railroad Co., 85 Mo. 588; Curtis v. McNair, 173 Mo. 280; Purcell v. Shoe Co., 187 Mo. 285; Koerner v. Car Co., 207 Mo. 157; Parker v. Railroad, 109 Mo. 356; Coal Co. v. Hoenni, 146 Ill. 614; Libby v. Scherman, 146 Ill. 553; Jackson v. Transp. Co., 14 Am. Neg. Reg. 536. (2) The duty to provide and maintain a reasonable safe place for the plaintiff is a positive and non-delegable one. Coal Co. v. Thil, 228 Ill. 237; Railroad v. Eaton, 194 Ill. 441; Rodgers v. Railroad, 211 Ill. 126; English v. Shoe Co., 122 S. W. 747; McMurray v. Railroad, 125 S. W. 751; Curtis v. McNair, 173 Mo. 270; Paige v. Steel Co., 233 Ill. 314. (3) It was the duty of defendant to warn plaintiff of the approaching crane, a duty which defendant's foreman says was necessary. The plaintiff had the right to expect that the foreman would adopt every reasonable precaution to protect him from injury. Geegan v. Kavanaugh, 62 Mo. 230; Claybaugh v. Railroad, 56 Mo. App. 635; Labatt on Master and Servant, sec. 207; Tulice v. Railroad, 43 N. Y. Sup. 922; Railroad v. Higgins, 22 Tex. Civ. App. 430; Michael v. Mach. Wks., 90 Va. 492, 19 S. E. 261; Iron Co. v. Elken, 90 Va. 249; The Pioneer, 78 Fed. 600; Cheeney v. Ocean S. S. Co., 92 Ga. 726, 19 S. E. 33; Burlington M. R. Co. v. Crockett, 19 Neb. 138; Anderson v. Mill

Co., 42 Minn. 424, 44 N. W. 315; Britton v. Railroad, 47 Minn. 340, 50 N. W. 231; Erickson v. Railroad, 41 Minn. 500, 5 L. R. A. 786, 43 N. W. 332. (4) Plaintiff's instructions were correct when read together and properly state the law. The evidence did show that the work was done under the direction of Foreman Nonn, who was a witness to the facts, saying he was about fifty feet from plaintiff when he was injured. Defendant's objection to instruction number 3 for plaintiff is without merit when the second paragraph is read. If there was any objection it is cured thereby. Whitney v. O'Rourke, 172 Ill. 177; Oehler v. Ins. Co., 139 S. W. 1177; R. S. 1909, sec. 2082. (5) Defendant pleaded the "law of the place," which should govern. Fogarty v. Transfer Co., 180 Mo. 490; Walsh v. Railroad, 160 Mass. 571; Engart v. Steel Co., 94 Wis. 70. (6) The craneman certainly was not a fellow-servant with the plaintiff. He was in the Electrical Department, under the immediate supervision of Ed. Brady, while the plaintiff was in another and distinct department under another foreman. No opportunity was afforded plaintiff to observe the actions of the craneman or to protect himself against his negligence, and if the record convinces the court that the injury was caused by the joint action of the craneman and fellow-servants, the defendant may still be liable. Goener v. Car Co., 209 Mo. 157; Young v. Iron Co., 103 Mo. 324; Deweese v. Iron Co., 54 Mo. App. 476; Same case, 128 Mo. 423; Timer v. Brewing Assn., 69 Mo. App. 17; Bluedorn v. Railroad, 108 Mo. 439; Railroad v. Gillison, 173 Ill. 264; Same v. House, 173 Ill. 601; Car Co. v. Loack, 143 Ill. 242, 12 Am. & Eng. Ency. of Law, p. 905; Cone v. Railroad, 81 N. Y. 206.

REYNOLDS, P. J.—The judgment in this case will have to be reversed. It is an action by plaintiff against defendant, a corporation organized under the laws of New Jersey, operating a large foundry at

Granite City, Illinois, and having its office and principal place of business in this state, the defendant having been found and duly served in the city of St. Louis.

It appears that there were in use in the foundry of defendant four large cranes moved by electricity, and used to transport heavy loads from one part of the foundry to another. On the day of the accident five heavy loaded "copes" or flasks were being transported by the crane down the foundry to a place in it at which plaintiff was at work. When the flasks reached the point at which they were to be unloaded from the crane, one of them slipped and fell, catching plaintiff's leg, crushing it and rendering amputation of the limb above the knee necessary. It was in evidence that the task of loading and fastening these flasks on the crane was performed by workmen in the establishment, and that after they were fastened to the crane and were being carried along through the foundry one or more men went in advance to clear the way of laborers or others, warning them of the approaching crane with the flasks. On the occasion of the accident plaintiff was at work at the point where these flasks were to be unloaded, he being an ordinary workman, at the time engaged in picking up what are called "jaggers," that is pieces of metal which were to be mixed in with sand and serve as binders to hold the sand together in the flasks. There was testimony tending to show that at the time of the accident there was no one there acting as the advance man.

The gravamen of the complaint is the failure of defendant to afford plaintiff a reasonably safe place to work. When the suit was instituted the defendant corporation as well as one Nonn, alleged to be the general foreman about the foundry, were named as defendants and jointly charged as responsible for the safety of the place. It was in evidence that the work was carried on in the foundry at the time of the accident under the general direction of Mr. Nonn, and that he was the as-

sistant foreman for defendant. There was no evidence
that he was present supervising or directing the opera-
tion of the crane at the time of the accident and at the
conclusion of the testimony the court instructed the
jury that under the pleadings and evidence plaintiff
could not recover against him. Accordingly there was a
verdict in his favor but against the defendant corpora-
tion and in favor of plaintiff for $5000. Judgment fol-
lowed accordingly and it is from this judgment that
the defendant corporation has appealed to this court.

From the evidence in the case it appears that these
flasks or copes were negligently loaded on the crane
and that one of them tipped and slid off, and caught
and crushed plaintiff's leg. But it very clearly ap-
pears that the men who did the work of loading were
fellow employees—fellow workmen—of the plaintiff.
At the instance of defendant the court so instructed
the jury. Obviously loading the copes, the manner in
which that should be done, the care with which it
should be done, were matters the employer could dele-
gate to the workmen. The employer, however, was
bound to have the crane when loaded with these flasks
moved along down and over the ground where its em-
ployees were at work with reasonable care and in such
a way as to avoid injury to plaintiff or other workmen
about the place. That fell within the duty and obliga-
tion of the employer to use reasonable care in provid-
ing as safe a place for the performance of the service
by the employees as the character of the work to be
done would permit. [Zeigenmeyer v. Charles Goetz
Lime & Cement Co., 113 Mo. App. 330, 88 S. W. 139.]
There was evidence tending to show that the failure to
send some one in advance of the load as it was being
moved down the foundry on this crane, was the direct
cause of the accident; that if some one had been there
in advance to have given warning, plaintiff could have
gotten out of the way of the danger attendant upon the
place in which he was working, and so have avoided in-

jury. By the first instruction given at the instance of plaintiff, however, the court, calling attention to the fact that Nonn was the foreman and that he had ordered and directed plaintiff to a place where he was injured, told the jury that if they believed and found from the evidence, "that the defendant negligently and carelessly provided a place for the plaintiff to work which was not reasonably safe, by reason of its nearness to a certain 'electric crane' or 'traveler,' described in the evidence, to which the defendant had caused to be attached an unreasonable and unsafe number of large moulder's flasks, and if (they) believe and find from the evidence that said flasks were negligently and carelessly piled, under the direction of the foreman Nonn, or if (they) believe and find from the evidence that the defendant negligently failed to provide a person to go before said moving load to warn persons in the immediate vicinity of its approach," and if they believed that plaintiff was performing the duties assigned to him and while exercising due care and caution on his part for his safety, such as the nature of his duties and his surroundings would permit, was struck by a flask falling from the load and injured and as a result of the injury lost his leg, and if the jury found from the evidence, "that defendant knew of said dangerous and unsafe place in which plaintiff was required to work, or might have known of said place by the exercise of ordinary care," then they should find for plaintiff and against defendant unless they found that plaintiff was guilty of contributory negligence or had assumed the risk as defined in the other instructions given. This instruction further told the jury, "that negligence on the part of the foreman Nonn is negligence on the part of the defendant American Steel Foundries. Knowledge on the part of the said foreman Nonn is knowledge on the part of the other defendant." There were two other instructions given as to the assumption of risk by the employee and the duty

of the master to furnish a reasonably safe place for the servant to work.

Obviously when this first instruction was drawn and given, the court lost sight of the fact that Nonn was no longer a defendant. It also ignores and is in conflict with that given at the instance of defendant, to the effect that the men who had loaded the flasks on to the crane were fellow workmen with plaintiff. Its tendency was, first, to convey to the jury the idea that this work was done under the immediate direction of Nonn, when in point of fact there is no evidence of that in the case beyond the fact that he was the general foreman or assistant in charge of the operations of the foundry. The jury were told by defendant's instruction that the act of loading the flasks on the crane was the act of fellow workmen. The act of sending the crane with its load down through the foundry and to a point where men were at work was a matter for which defendant, as employer, was responsible, inasmuch as it entered into the question of whether defendant had used reasonable care in providing as safe a place in which the plaintiff was at work as the character of the work to be done required. In this instruction the court told the jury that if they found from the evidence that defendant had negligently and carelessly provided a place for the plaintiff to work which was not reasonably safe, etc., they could find for plaintiff. That is not a correct statement of the law. [Zeigenmeyer v. Charles Goetz Lime & Cement Co., supra.] Moreover, this instruction tended to mislead the jury, as it practically told them that attaching the number of flasks to the crane was attaching an unreasonable and unsafe number. Whether that was an unreasonable and unsafe number was for the jury, even assuming it was not the act of fellow workman. But as the court correctly told the jury that this was the act of fellow workmen, it had no place here. The instruction was erroneous in the further particular that it told the jury that if they be-

lieved and found from the evidence that the defendant negligently failed to provide a person to go before said moving load to warn persons in the immediate vicinity of the approach of the loaded crane, the defendant was liable, other facts being present. The error here is in assuming that the act of failing to send some one in advance was negligence. Whether that was so was the very fact that the jury ought to have been required to find in the case.

The second and third instructions given at the instance of plaintiff were mere general declarations of law without an application of them to the facts in the case. This form of instruction has been uniformly condemned by our Supreme Court and by this court.

For these errors the judgment is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.