FRED L. BOTTS et al., Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, June 1, 1914.

1. **DAMAGES: Automobiles: Crossing: Flagman: Switch.** An automobile car being driven by the owner was attempting to pass over a railway at a street crossing in a city where a flagman was usually stationed. He did not see a flagman and in the act of crossing, the machine was struck and demolished by a car being pushed by an engine. An instruction after submitting other parts of the case, proceeded to declare that plaintiff could recover if the car struck the machine without any qualification of its being negligently done.

2. ————: **Instructions: Duty to Stop Train.** It was the duty of a flagman at a railway street crossing in a city to give timely warning of the approaching of trains. It was *held* to be error to instruct that it was also his duty "to stop" the train.

3. ————: **Negligence: Assumption.** Acts or omissions, not negligence as a matter of law, should not be assumed to be negligence in instructions to a jury.

Appeal from Livingston Circuit Court.—*Hon. A. B. Davis*, Judge.

AFFIRMED.

*Scott J. Miller* for appellant.

*Frank Sheetz, M. G. Roberts* and *John C. Carr* for respondent.

ELLISON, P. J.—Plaintiffs are the owners of an automobile car and this action is to recover damages alleged to have resulted to them by reason of destruction of the machine in a collision with one or more of defendants cars in Chillicothe. There was a verdict for plaintiffs, whereupon defendant filed a motion for a new trial which was thereafter sustained by the court and plaintiffs appealed to this court from that order.

The petition charges that one of plaintiffs and three other persons were coming into the city of Chillicothe between eight and nine o'clock on the 30th of November 1912, p. m., and that it was necessary to cross several tracks of the defendant which were laid over and upon one of the principal streets of the city. That it was provided by the ordinance of the city that defendant should maintain a watchman at said crossing to warn persons of the danger of trains. But that as plaintiff approached the crossing he stopped the machine and looked and listened, that he did not see or hear an engine or train; nor did he see any watchman. That he then proceeded to cross the tracks with proper

care, but that when he got upon "the house track" of defendant an empty car which had been switched or shunted onto said track came out from behind a house, at great speed without any one on it and without having the watchman at his place and without giving any warning to him and ran into his machine and demolished it.

The evidence in plaintiff's behalf did not bear out the petition in some respects. The allegation is that the car which struck the machine was being switched by shunting it, which we understand to mean by making a flying switch with a detached car. The evidence shows this car was attached to and was being propelled by an engine.

There is a great deal of discussion in briefs of counsel we need not notice. As we have said, the court granted the new trial on account of error in the first and second instructions for plaintiff. Defendant insists the trial court was correct in holding there was error in each of the two instructions. The first, after submitting other parts of the case then proceeds, that if "the defendant company, by its agents and servants, switched down upon said automobile a car striking the automobile," etc.; omitting to submit whether the switching and striking was negligently done, as was charged in the petition. This switching was not what is known as a shunting, or a flying switch with a lone car and unattended. This car was attached to the engine and it was not negligence, as a matter of law, to switch it over the crossing. It was therefore error to omit the hypothesis of negligence. [Lukamiski v. Foundries, 162 Mo. App. 631.]

The second instruction declared in express terms that it was not only the duty of the flagman at the crossing "to give the warning expected of him," but also "to stop the train or the citizen, or both, as occasion might demand." The ordinance only required that the flagman should "give due and timely notice

to all persons of the approach of trains." We will not say that occasions might not arise in which it would be the duty of the flagman to endeavor to stop a train; but in the nature of this case as disclosed by the evidence, it can well be seen that a jury could believe from this instruction, that it became the absolute duty of the flagman to stop this engine and car. The natural effect of the instruction was to direct a verdict for the plaintiff.

The trial court was clearly right and the judgment will be affirmed. All concur.